UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| DAVID CAMPELL, et al., | No. C 13-01595 LB |
| Plaintiffs, | **ORDER (1) DIRECTING THE PARTIES TO FILE FURTHER BRIEFING AND (2) CONTINUING THE HEARING ON PLAINTIFFS' MOTION TO CONFIRM AN ARBITRATION AWARD** |
| v. | |
| PACIFIC WEST FINANCIAL GROUP, et al., | |
| Defendants. | |
| _____/ | |

An arbitration panel of the Financial Industry Regulatory Authority ("FINRA") (the "FINRA Arbitration Panel") issued an award in favor of Plaintiffs[1] and, jointly and severally, against

---

[1] Plaintiffs are: Curtis and Susan Alling; James and Anna Almond; Robert Best; Blair Brooksby; Leon and Francesca Brown; David Campell; Guadalupe D. Carillo and Magdalena M. Carillo Trust; Jeanette Chan; Spencer Chen; James and Jean Chew; Mischel Choi; Evelyn Del Cid; Bill Dorer; Edling Family Trust; William Evans and William E. Evans Living Trust (Michelle Milota Trustee); Michael Flanagan; Mary Ann George; David Jantz; Deborah Keyston; George Keyston; Ron Keyston; Yvonne Keyston; Myung Kim; Nairn Kirkpatrick; Susan Kleefeld; Steven Kwock; Paul and Betty Lee; Kin and Mae Leong; Steve Maycock; Matthew Medina; Michael Medina; Jeff and Laverne Moore; Darryl Morrison and Darryl Morrison Trust; David Moy; Michelle Murasko; Lawrence Partusch (Lawrence E. Partusch Revocable Trust); Sharon Ratliff; Jerry and Ruth Rubelt; Sheik Sahib; Cheri Schappert; Monica Schluer; Peggy Shockley; Soares Family Trust (Lance and Stacy); Alice Soto; Phil Spagnoli; Curtis and Marsha Sylvester-Jose; Kirk Theis; Nina and Richard Thomson; Curtis and Lynn Webb; James Weidinger; Wiley Family Trust

Defendants Pacific West Securities ("PWS") and Pacific West Financial Group ("PWFG"). Plaintiffs now move for an order confirming the arbitration award. Motion, ECF No. 5. PWS does not oppose the motion, but PWFG does. Opposition, ECF No. 9.

One of PWFG's arguments is that it never agreed to arbitration. *Id.* at 5-6. PWFG does not cite any case law in support of its argument. *See id.* Instead, it says only that it did not sign a Uniform Submission Agreement and argues that it did not sign a written agreement to arbitrate Plaintiffs' claims. *See id.* at 6. This may be true, but it does not carry the day because parties may, by their conduct, waive their right to challenge arbitration proceedings in which they have participated. *See Nagrampa v. MailCoups*, 469 F.3d 1257, 1277-80 (9th Cir. 2006) (en banc); *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1440 (9th Cir. 1994); *Van Waters & Rogers Inc. v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers of Am., Local Union 70*, 913 F.2d 736 (9th Cir. 1990); *George Day Const. Co. v. United Broth. of Carpenters and Joiners of Am., Local 354*, 722 F.2d 1471 (9th Cir. 1984); *Fortune, Alsweet & Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1356-1357 (9th Cir. 1983); *Ficek v. Southern Pacific Co.*, 338 F.2d 655, 657 (9th Cir. 1964); *Pension Plan for Pension Trust for Operating Engineers v. Weldway Const., Inc.*, No. C-12-05683 JCS, --- F. Supp. 2d ----, 2013 WL 321680, at *13-14 (N.D. Cal. Jan. 28, 2013); *World Group Securities v. Ko*, No. C035055 MJJ (EDL), 2004 WL 1811145, at *2-3 (N.D. Cal. Feb. 11, 2004); *see also Gvozdenovic v. United Air Lines*, 933 F.2d 1100, 1105 (2d Cir.1991); *Sands Bros. & Co. v. Zipper*, No. 03 Civ 7731(VM), 2003 WL 22439789, at *1-3 (S.D.N.Y. Oct. 27, 2003); *Hardy v. Walsh Manning Sec. LLC*, No. 02 CIV 1522(GEL), 2002 WL 2031607, at *3 (S.D.N.Y. Sept. 5, 2002).

In response, Plaintiffs argue that PWFG participated in the arbitration proceedings for some time before filing a motion to dismiss in the arbitration proceedings and so PWFG has waived its challenge to the FINRA Arbitration Panel's jurisdiction, but none of the cases they cite relates to arbitration. *See* Reply, ECF No. 16 at 3-4.

In short, the court finds the parties' briefing on this issue to be insufficient. Accordingly, the court **ORDERS** them to file further briefing on it. PWFG shall file a brief not exceeding 8 pages in

---

(Theresa Feathers Trustee); Lawrence Woodside and Lawrence Evelyn Woodside Living Trust.

UNITED STATES DISTRICT COURT
For the Northern District of California

length no later than **May 20, 2013** that addresses whether it agreed to arbitrate Plaintiffs' claims before the FINRA Arbitration Panel. Plaintiffs shall file a responsive brief not exceeding 8 pages in length no later than **May 27, 2013**. The hearing on Plaintiffs' motion, which currently is set for May 15, 2013 at 9:30 a.m., is **CONTINUED** to **June 6, 2013 at 9:30 a.m.**

**IT IS SO ORDERED.**

Dated: May 12, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 13-01595 LB
ORDER         3